### STATE OF LOUISIANA v. PETER, a Slave.

The right given by statute to persons in confinement under a judgment of conviction rendered in a criminal prosecution, of making the appeal returnable before the Supreme Court at its next term, wherever held, and to have it tried by preference, is a right given only to the prisoner. The State has not the right to have the appeal returnable out of the usual course of appeals.

ON application for a *mandamus* to the Magistrates Court of the parish of East Feliciana. *John McVea* and *Muse & Hardee,* for relator.

SPOFFORD, J. The general law is, that appeals from the parish of East Feliciana to this court, are returnable on the 4th Monday of February of each year. Rev. Stat., p. 278, sec. 12.

But an exception is made in favor of persons in confinement, under a judgment of conviction rendered in a criminal prosecution, for which an appeal has been taken. *Such persons* " shall have the right to make the appeal returnable before the Supreme Court at its next term, wherever held," and to have it tried by preference. Rev. Stat., p. 279, sec. 18.

We understand this law to have been passed only for the purpose of securing a speedy trial in this court to such parties under conviction in an inferior court, as desire it; the State has not the right to have the appeal returnable here, out of the usual course of appeals from the same parish; but only the prisoner.

In the present case, the prisoner asked for an appeal returnable on the fourth Monday in February next, the regular return day for appeals from East Feliciana. He did not demand an appeal returnable upon the first Monday in May next.

It is, therefore, ordered, that a peremptory *mandamus* issue as prayed for, commanding *George W. Catlett* and *Hy. B. Chase,* or either of them, Magistrates for the parish of East Feliciana, to make the appeal in the case of the *State of Louisiana* v. *The slave Peter,* returnable in this court on the fourth Monday of February, 1859, according to law.